**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE:MCCULLOUGH, ET AL. | § | |
| **Debtors** | § | **BANKRUPTCY CASE NO.** |
| | § | **04-02006-JEE** |
| | § | **ADVERSARY PROC. NO. 05-59** |

| | | |
|---|---|---|
| **ALICE SUE MCCULLOUGH** | § | |
| **AND D.D. MCCULLOUGH** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CAUSE NO. 1:05CV404** |
| | § | |
| **DENBURY ONSHORE, LLC** | § | **DEFENDANT** |

**ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE**

THIS MATTER COMES BEFORE THE COURT for consideration of the Motion to Withdraw the Reference [1], filed by Plaintiffs Alice Sue McCullough and D.D. McCullough. The relief requested is the withdrawal of the McCullough's Adversary Proceeding to this Court pursuant to 28 U.S.C. § 157(d). The request is joined by Defendant Denbury Onshore, LLC.

A litigant who believes that a certain proceeding or portion of a proceeding pending in the bankruptcy court should be litigated in the district court may move to withdraw the reference pursuant to 28 U.S.C. § 157(d). Generally, withdrawal of the reference is only required if resolving the proceeding requires a significant and material application of a non-bankruptcy federal statute. 28 U.S.C. § 157(d); *In re Tastee Donuts, Inc.*, 137 B.R. 204, 205 (E.D.La. 1992). The court may exercise its discretion to withdraw any proceeding not requiring a significant and material application of a non-bankruptcy federal statute if it finds that good cause has been shown.[1] *See In re Tastee Donuts, Inc.*, 137 B.R. at 205. The court should "respect the

---

[1] 28 U.S.C. § 157(d) provides:

presumption that bankruptcy cases are to adjudicated by bankruptcy judges in bankruptcy courts." *In re Mahlmann* , 149 B.R. 866, 870 (N.D.Ill. 1993)(citation omitted). The burden of persuasion is on the party seeking withdrawal. *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D.Del. 1997).

Plaintiffs filed a memorandum in support of their motion, and attached a copy of the complaint filed in the adversary proceeding. As argued by Plaintiffs in their memorandum, the complaint shows that Plaintiffs brought claims of negligence, breach of duty, battery, nuisance, trespass, intentional and negligent infliction of emotional distress, and fraud, all relating to the discharge of oil and petroleum products by the Defendant. Thus, this is not a case requiring mandatory withdrawal of the reference under § 157(d).

In examining whether good cause has been shown for discretionary withdrawal under § 157(d), the Court is to consider the following issues: (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether a promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of debtors' and creditors' resources; (5) whether the withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial. *Holland America Insurance Company v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985).

---

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

FACTOR 1:

The Fifth Circuit has defined a core proceeding as one which "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood ( In re Wood )*, 825 F.2d 90, 97 (5th Cir. 1987).  None of these claims are based on any statute in the Bankruptcy Code, and the claims arose independently of the Debtors' bankruptcy petition.  The adversary proceeding simply involves state law causes of action that could have proceeded in state court in the absence of the bankruptcy petition. These circumstances strongly favor a withdrawal of reference of the adversary proceeding to the District Court.

FACTOR 2:

If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration.  *See Palmer & Palmer v. U.S. Trustee ( In re Hargis )*, 146 B.R. 173, 176 (N.D.Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co .,* 136 B.R. 59, 61 (S.D.N.Y. 1992). However, there is no indication that the bankruptcy court would have a reason to be familiar with the facts of this case, which involve Plaintiffs' alleged inhalation and ingestion of petroleum and other contaminants.  This factor weighs in favor of withdrawal of the reference.

FACTORS 3, 4 AND 5:

If there is no withdrawal of reference, then the Court must review the bankruptcy court's findings of fact and conclusions of law for a non-core proceeding.  *Mirant Corp. v. S. Co.,* 337 B.R. 107, 122 (N.D.Tex. 2006).  Because the Court performs a *de novo* review of a non-core matter, unnecessary costs, delay and confusion can be avoided if the Court simply tries the suit

under its original jurisdiction rather than having the facts adduced first in the bankruptcy court, and then reviewed by the Court. Under these circumstances, withdrawal of reference of the adversary proceeding seems most appropriate.

FACTOR 6:

It is not clear whether Plaintiffs have made a jury demand; they state in their Motion that they "desire that this matter be heard by a jury of their peers."  However, it is clear that they are entitled to a jury trial based on the nature of the claims asserted in their complaint. The complaint asserts legal rights, as opposed to equitable rights, because the Plaintiffs are seeking monetary relief.  This factor therefore weighs in favor of withdrawal of the reference.

The Court therefore finds that cause exists to withdraw the reference of this adversary proceeding from the bankruptcy court.  The Motion will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Withdraw the Reference [1], filed by Plaintiffs Alice Sue McCullough and D.D. McCullough in the above-captioned adversary proceeding is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE